UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION AT LONDON**

| | | |
|---|---|---|
| JONATHAN PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. |
| v. | ) | 6:18-cv-135-JMH |
| | ) | |
| ANDREW SAUL, COMMISSIONER OF | ) | **MEMORANDUM OPINION** |
| SOCIAL SECURITY,[1] | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*

Plaintiff, Jonathan Phillips, brings this matter under 42 U.S.C. § 405(g) seeking judicial review of an administrative decision of the Acting Commissioner of Social Security. [DE 1]. The Court, having reviewed the record and the motions, [DE 7; DE 9], filed by the parties, will **AFFIRM** the Commissioner's decision as no legal error occurred and it is supported by substantial evidence.

### I. STANDARD FOR DETERMINING DISABILITY

Under the Social Security Act, a disability is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

---

[1] Andrew Saul was sworn in as the Commissioner of Social Security on June 17, 2019. Still, Nancy Berryhill was serving as Acting Commissioner of Social Security when this action was filed. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Saul is automatically substituted as a party.

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In determining disability, an Administrative Law Judge ("ALJ") uses a five-step analysis. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). Step One considers whether the claimant is still performing substantial gainful activity; Step Two, whether any of the claimant's impairments are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *Id.*; *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## II. PROCEDURAL AND FACTUAL HISTORY

Phillips filed an application for disability insurance benefits ("DIB"), alleging disability beginning on March 11, 2015, the date he injured his back in a work-related incident. [TR 198-199]. Phillips's application was denied initially and upon reconsideration. [TR 100-01]. Phillips then pursued his claims before an Administrative Law Judge ("ALJ") Dennis Hansen. [TR 39-57]. The ALJ held the hearing on September 7, 2017. [TR 39]. The ALJ found that Phillips suffered an impairment to his back that rendered him disabled from the alleged onset date of March 11,

2

2015 through May 5, 2016, and that he was no longer disabled. [TR 18-32]. The Appeals Council denied Phillips' request for review. [TR 1-5].

This appeal followed pursuant to 42 U.S.C. § 405(g). [DE 1]. Consistent with the Court's Standing Scheduling Order, [DE 6], the parties have submitted cross motions for summary judgment, which are ripe for review. [DE 7, 9].

Phillips alleges onset of disability at 27 years of age. [TR 198]. Phillips has a high school education. [TR 237]. Phillips' engaged in past relevant work as a maintenance worker at a school and as a transporter/maintenance worker at a nursing home. [Id.].

Phillips claims disability due to his work-related back injury, as well as a learning disability and hearing problems. [TR 236]. At the hearing in front of the ALJ, Phillips testified that he can only stand for about 10 minutes before needing to sit down. [TR 41-51]. Phillips further testified that he can only sit for approximately 10 minutes before needing to readjust and he cannot lift 10 pounds. [Id.].

Phillips testified that he lives at home with his wife and daughter. [TR 42]. Phillips further testified that he does not go to the grocery store, nor is he able to help with chores around the house. [Id.]. However, he did testify that he is able to drive "every now and then[.]" [TR 43]. To find relief, Phillips claims that has to lay down about 6 times a day for about an hour

each time. [Id.]. Phillips testified that he also uses ice packs, which help some with relieving pain. [TR 47].

In March 2015, Phillips went to the ER with complaints of back pain after falling off a ladder several days prior. [TR 389-95]. Upon March and April follow-up appointments with Dr. Dahhan, M.D. On April 10, 2015, Phillips submitted to an MRI examination, which revealed disc protrusion contributing to severe central stenosis. [TR 397-431, 447-51, 581-82]. As a result, Dr. Dahhan recommended that Phillips not lift over twenty-five pounds for several months, but advised that Phillips could return to light work. [TR 541].

Phillips followed up with Dr. William Brooks throughout the rest of 2015 and early 2016. [TR 444-47. 543-61]. In January of 2016, Phillips underwent a bilateral discectomy at L4-L5. [TR 497-524]. Following surgery, Phillips undertook physical therapy. [TR 570-846, 880-81].

Dr. Brooks recommended Phillips not work until a functional capacity evaluation ("FCE") had been done. [TR 543]. He subsequently recommended that Phillips undergo such an evaluation, which Phillips did. [TR 850-61]. The FCE occurred on May 6, 2016. Thereafter, Dr. Brooks concluded that Phillips had reached maximum medical improvement ("MMI") as of the date of the FCE, had a whole person impairment of thirteen (13%) percent, and could perform sedentary work. [TR 541]. Following the FCE, Phillips continued

to follow-up with complaints of low back and leg pain. [TRE 935-51, 973-76, 980-83]. A state agency doctor, Diosdado Irlandez concluded that Phillips could carry 20 pounds occasionally and 10 pounds frequently; stand and walk two hours in an eight-hour workday; sit six hours; occasionally use his legs; occasionally crawl, stoop, and climb ramps and stairs, frequently kneel and crouch; never climb ladders, ropers, or scaffolds; and should avoid even moderate exposure to vibration and all exposure to hazards. [TR. 114-17].

In addition to his issues with his back, Phillips also sought treatment related to his psychological condition. In particular, Phillips received an evaluation from Dr. William Rigby, Ph.D., who diagnosed Phillips with anxiety, and had mild mental work-related limitations. [TR 911-16]. Dr. Rigby opined that Phillips psychological impairments area likely to continue indefinitely. [Id.].

In addition to Dr. Rigby, Kirstin Bailey, Ph.D., a state psychologist, also reviewed Phillips' medical records and concluded they were not severe. [TR 89-92]. Another psychologist, Dan Vandivier, Ph.D., concurred with Dr. Bailey's conclusion. [TR 110-113].

After the hearing and considering all the evidence, the ALJ issued his decision on December 7, 2017. [TR 33]. At Step One,

5

the ALJ determined that Phillips had not engaged in substantial gainful activity since March 11, 2015. [TR 22].

At Step Two, the ALJ found that from March 11, 2015 through May 4, 205, the period during which the Phillips was under a disability, Phillips suffered from the following severe impairments: obesity, lumber degenerative disc disease, and borderline intellectual functioning. [TR 22]. The ALJ also found that Phillips suffered the following acute conditions, all of which lasted less than twelve months: otitis media, allergic rhinitis, and gastritis. [Id.].

The ALJ noted that Phillips was diagnosed by Dr. Rigby with anxiety disorder, but Phillips did not meet the full diagnostic criteria for the condition. [Id.]. As a result, the ALJ found that Phillips anxiety was not a severe impairment within the meaning of the applicable regulations. [Id.].

At Step Three, the ALJ found that from March 11, 2015 through May 5, 2015, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments. [TR 22]. In reaching this conclusion, the ALJ found that Phillips had the following degree of limitation in functioning: moderate limitation in understanding, remembering, or applying information; a moderate limitation in interacting with others; a moderate limitation in concentrating, persisting, or maintaining pace; and a moderate limitation in adapting or managing

oneself. [Id.]. The ALJ further found that that Phillips' mental impairments had not changed during any time relevant to the decision. [TR 22].

Before proceeding to Step Four, the ALJ found that Phillips had the residual functional capacity ("RFC") to perform sedentary work as defined in in 20 C.F.R. § 404.1567(a). [TR 23]. Specifically, the ALJ found Plaintiff could perform the following tasks:

> The opportunity to change positions from sitting to standing and vice versa every ten minutes; could occasionally climb ramps and stairs; could occasionally stoop, kneel, crouch, or crawl; could occasionally push and pull with lower extremities; should avoid exposure to vibration; could never climb ladders, ropes, or scaffolds; could never be exposed to unprotected heights or dangerous moving machinery; could perform work where the requirements do not exceed a 7th grade arithmetic and 4th grade reading ability; could understand and remember simple instructions; could sustain attention and concentration to complete simple tasks with regular breaks every 2 hours; could have occasional interaction with supervisors, coworkers, and the public; could adapt to routine work conditions and occasional work place changes that are gradually introduced.

[TR 23].

At Step Four, the ALJ concluded that from March 11, 2015 to May 5, 2016, based on Phillips' RFC, that Phillips was unable to perform any past relevant work as a maintenance repairer, building, a medium, skilled occupation, but heavy as actually performed by Phillips. [TR 25]. The ALJ further concluded that Phillips could

7

no longer perform his past relevant work as van driver during that time period. [Id.].

In addition, the ALJ determined that given Phillips's age, education, work experience, and RFC, there were no jobs existing in significant numbers in the national economy that Phillips could have performed between March 11, 2015 through May 5, 2016. [TR 26]. ALJ Hansen based his conclusion on testimony from a vocational expert ("VE"), who testified that given all the factors, including Phillips's age, education, work experience, and RFC as determined between March 11, 2015 through May 5, 2015, that no jobs existed in the national economy that Phillips could have performed. [TR 25-26]. Thus, the ALJ determined that Phillips was disabled under the Act during those periods. [Id.].

The ALJ stated that medical improvement occurred as of May 6, 2016, the date Phillips's disability ended. [TR 29]. The ALJ relied primarily on Phillips's neurosurgeon who stated that Phillips has reached maximum medical improvement as of that date. [Id.]. The ALJ went further to state that Phillips had no new impairments since May 6, 2016, the date his disability ended. [TR 26]. Thus, Phillips's current severe impairments are the same as those between March 11, 2015 and May 5, 2016. [Id.]. Accordingly, the ALJ went through the sequential steps for this period of time.

Step One, as discussed above, did not change. However, at Step Two, Phillips's medical improvement, the ALJ concluded, had

resulted in an increase in Phillips's RFC, though he finds that Phillips' mental impairment and obesity remain. [TR 29].

As a result, between Step Three and Four, the ALJ found that, from May 6, 2016 on, Phillips had the RFC to perform sedentary work as defined in in 20 C.F.R. § 404.1567(a). [TR 23]. Specifically, the ALJ found Plaintiff could perform the following tasks:

> Occasionally climb ramps and stairs, can occasionally stoop, kneel, crouch, and crawl; can occasionally push and pull with the lower extremities; should avoid exposure to vibration; can never climb ladders, ropes, or scaffolds; can never be exposed to unprotected heights or dangerous moving machinery; can perform work where the requirements do not exceed 7th grade arithmetic and 4th grade reading ability; can understand and remember simple instructions; can sustain attention and concentration to complete simple tasks with regular breaks every 2 hours; can have occasional casual interaction with supervisors, coworkers, and the public; can adapt to routine work conditions and occasional work place changes that are gradually introduced.

[TR 29].

Thus, At Step Four, the ALJ concluded that from May 6, 2016 on, based on Phillips's RFC, that Phillips was still unable to perform any past relevant work as a maintenance repairer, building, a medium, skilled occupation, but heavy as actually performed by Phillips. [TR 32]. Nor could he perform his past relevant work as van driver during that time period. [Id.].

9

The ALJ noted that Phillips' age and education level had not changed since May 5, 2016. [TR 32]. However, the ALJ determined that given Phillips's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Phillips could perform. [TR 33].

ALJ Hansen based his conclusion on testimony from a vocational expert ("VE"), who testified that given all the factors, including Phillips' age, education, work experience, and RFC that Plaintiff could be able to perform the requirements of occupations such as hand bander (13,950 jobs nationally), table worker, fabrication (12,326 nationally), and final assembler (31,00 nationally). [TR 33]. Thus, the ALJ concluded that, since May 6, 2016, Phillips was capable of making a successful adjustment to work that exists in significant numbers in the national economy. Thus, the ALJ determined that Phillips was not disabled under the Act as of that date or beyond. [Id.].

In support of his motion for summary judgment, [DE 7], Phillips makes two arguments. First, Phillips argues that the ALJ's finding, that Phillips was no longer disabled after May 5, 2016, was not supported by substantial evidence. [DE 7-1 at 11-15, PageID #1027-31]. Second, he argues that the ALJ failed to properly evaluate Phillips' subjective complaints of pain. [Id. at 15-16, PageID #1031-32]. The Commissioner contends that the ALJ's decision was proper and should be affirmed.

10

## III. STANDARD OF REVIEW

When reviewing the ALJ's ruling, this Court may not "'try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility.'" *Ulman v. Comm'r of Soc. Sec*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). This Court determines only whether the ALJ's ruling is supported by substantial evidence and was made pursuant to proper legal standards. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. We are to affirm the decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

## IV. ANALYSIS

### A. The ALJ's Determination, That Phillips was not Disabled as of May 6, 2016, is Supported by Substantial Evidence.

The ALJ determined that Phillips was disabled between March 11, 2015 and May 6, 2016. [TR 26-27]. However, he found that Phillips was not disabled as of May 6, 2016. [TR 27-33]. The fundamental distinction between these findings is that, as of May 6, 2016, the ALJ found that Phillips was still limited to sedentary

work, but no longer needed the ability to change positions from sitting to standing every 10 minutes.  [TR 30-31].

Phillips argues that ALJ's RFC finding was not supported by substantial evidence.  [DE 7-1 at 11-15, PageID #1027-31]. In particular, claims that "the combined effects of Mr. Phillips' physical and mental impairments, reflect that he could not perform a wide range of even sedentary work on a regular and sustained basis."  [DE 7-1 at 11, PageIDE 1027].

In support of his argument, Phillips claims that the ALJ should not have relied on the FCE evaluator's conclusion that Phillips could perform sedentary work. [DE 7-1 at 13-14, PageID #1030-31].  In addition, he claims that Dr. Brooks's letter of July 25, 2016, diagnosing Phillips with a "herniated intervertebral disc at L4-L5" undermines the ALJ's finding that Phillips could perform sedentary work.  [Id.].

The Commissioner disagrees. He states that the ALJ's findings are grounded in the substantial evidence in the record. [TR 9 at 6, PageID #1043].  First, the Commissioner argues that the ALJ correctly relied on the FCE in making his finding that Phillips could perform sedentary work.  [DE 9 at 6-7, PageID #1043-44].  Second, the Commissioner argues that Brooks's letter does not undermine, but in fact, supports the ALJ's determination that Phillips could perform sedentary work. [DE 9 at 7, PageID #1044]. We agree with the Commissioner.

In the instant case, the ALJ relied on considerable objective evidence in the record indicating that Phillips's condition had improved, and that he was, indeed, capable of performing sedentary work, but no longer needed the ability to change positions from sitting to standing every 10 minutes. [TR 30-31].

In making his findings, the ALJ also relied, in part, on the FCE evaluation of Phillips. [TR 30]. In January of 2016, Phillips underwent a bilateral discectomy at L4-L5. [TR 497-524]. Following surgery, Phillips undertook physical therapy. [TR 570-846, 880-81]. Dr. Brooks recommended Phillips not work until a functional capacity evaluation ("FCE") had been done. [TR 543].

Phillips did the FCE with physical therapist, Tim Yost, on May 6, 2016. [TR 953-967]. Yost concluded that Phillips could performed a range of sedentary work. [TR 30, 953-67]. The ALJ gave significant weight to Yost's assessment. [TR 30]. Phillips argues that this reliance was misplaced because the report "noted specifically that the claimant...would not be able to complete a full work day, would only be able to do sitting for 34% to 66% of the day and he can only do standing work for 1% to 5% of the day." [DE 7-1 at 14, PageID #1030].

However, both the bulk of the evidence, including imaging studies, supports the ALJ's reliance on Yost's conclusion. For example, Phillips's February 2016 MRI showed persistent stenosis, it showed no herniation, [TR 30, 897], and a subsequent August

13

2016 x-ray was normal. [TR 31, 926]. Additionally, Dr. Brooks noted that Phillips had improved after surgery, had no recurrence of instability, and no progression of symptoms. Furthermore, Dr. Brooks, relying on the physical therapy assessment, noted that that Phillips can perform other work with retraining. [TR 30-31, 538-61, 882-909]. Thus, the ALJ found that removing Phillips's 10 minute sit/stand option was consistent with the evidence of post-surgical improvement. [TR 31]. As a result, despite the limitations caused by the Phillips's self-limiting behavior, Phillips's ability to perform sedentary work is consistent with the bulk of the evidence. [TR 31].

Phillips next argues that he claims that Dr. Brooks's letter of July 25, 2016, diagnosing Phillips with a "herniated intervertebral disc at L4-L5" undermines the ALJ's finding that Phillips could perform sedentary work. [Id.]. However, as correctly noted by the Commissioner, [DE 9 at 7, PageID #1044], Dr. Brooks's letter, in fact, supports the ALJ's finding. [TR 884]. It states "[Phillips] has completed a Functional Capacity Evaluation. It states that he is capable of doing sedentary work. He is unable to work beyond those limitations." [TR 884].

Phillips fails to persuade us that the ALJ's reliance on Dr. Brooks's findings and the FCE was misplaced. We must affirm a decision supported by substantial evidence even if there is substantial evidence in the record to support an opposite

14

conclusion. However, as the ALJ's assessment is supported by substantial evidence, we need not consider whether the evidence also could support a contrary determination.

**B.    The ALJ Properly Evaluated Phillips's Subjective Complaints of Pain.**

Phillips also argues that the Commissioner failed to properly evaluate his subjective complaints of pain. [DE 7-1 at 15-16, PageID #1031-32]. At the hearing, Phillips testified that that he can only stand for about 10 minutes before needing to sit down and can only sit for approximately 10 minutes before needing to readjust and he cannot lift 10 pounds. [TR 41-51]. Phillips further testified that he does not go to the grocery store, nor is he able to help with chores around the house. [Id.]. However, he did testify that he is able to drive "every now and then[.]" [TR 43]. To find relief, Phillips claims that has to lay down about 6 times a day for about an hour each time. [Id.]. Phillips testified that he also uses ice packs, which help some with relieving pain. [TR 47]. Phillips also testified that his back surgery made his problems worse. [Id.].

Phillips now argues that the ALJ "failed to properly assess the entirety of the medical evidence including all these additional medical problems[,] which are resulting in additional levels of pain for Mr. Phillips." [DE 7-1 at 16, PageID #1032]. In support, Phillips claims he has a further decreased tolerance to perform

15

any type of physical activity, including sitting, standing, or walking as well as psychological issues. [Id.]. Phillips also states that his "testimony regarding pain level is uncontradicted in the record." [Id.]. Notably, Phillips does not state what exact testimony is uncontradicted. Nor does Phillips recount how his testimony is supported by the medical evidence in the record.[2]

Regardless, the Commissioner disagrees with Phillips. The Commissioner argues that the ALJ "...gave good reasons for finding his claims of disabling pain after May 6, 2016, to be unsupported by the record." [DE 9 at 8, PageID #1045]. In support, the Commissioner states that upon examination in October 2015, Phillips showed no negative straight leg raise tests, no neurologic concerns, and no strength deficits. [DE 9 at 8, PageID #1045]. Next, while a post-surgery MRI in January 2016 revealed mild to moderate stenosis, it showed no recurrent herniation. [Id.]. An August 2016 x-ray was normal. [Id.]. Moreover, the ALJ found that Phillips appeared to self-limit during an FCE evaluation, which resulted in inability to determine his maximum work ability. [Id. at 9, PageID #1046]. Finally, the Commissioner notes that no treating, examining, or non-examining source has indicated that

---

[2] Phillips relies on Social Security Ruling ("SSR") 96-7p, which interpreted SSA Regulation, 20 C.F.R. § 404.1529, in setting forth a two-step process for evaluating subjective complaints. [DE 7-1 at 15, PageID #1031]. Phillips implies that SSR 96-7p required the ALJ to make a finding on the credibility of Phillips' statements. [Id. at 16, PageID #1032]. However, as correctly noted by the Commissioner, [DE 9 at 8, n. 4, PageID #1045], SSR 96-7p was superseded by SSR 16-3p.

16

Phillips was more limited than the ALJ found after May 6, 2016. [Id.]. As a result, the Commissioner argues that the ALJ's evaluation of Phillips's subjective complaints was proper and supported by the regulations and the record. [Id.]. We agree.

When evaluating a disability claim for social security purposes, the claimant's pain should be considered. *Kirk v. Sec. of Health and Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981). Both the Social Security Administration ("SSA") and the Sixth Circuit have guidelines for analyzing a claimant's subjective complaints of pain. The SSA regulations are set forth in 20 C.F.R. § 404.1529. The Sixth Circuit's guidelines for evaluating a claimant's assertions of disabling pain are set forth in *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). The Sixth Circuit laid out these guidelines as follows:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Id.* The Sixth Circuit explicitly noted in this decision that the test "does not require ... 'objective evidence of the pain itself.'" *Id.* (quoting *Green v. Schweiker*, 749 F.2d 1066, 1071 (3d Cir. 1984)). However, as the Sixth Circuit clarified in *Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994), "[b]oth

17

the SSA standards and the *Duncan* test require objective *medical evidence* showing an *underlying medical condition*." *Felisky*, 35 F.3d at 1038–39 (6th Cir. 1994) (emphasis added).

In the instant case, the ALJ found Phillips's medically determinable impairments could reasonably be expected to produce the alleged symptoms. [TR 30]. However, the ALJ found that Phillips' statements about the intensity, persistence, and limiting effects of his symptoms are inconsistent with the medical evidence. [TR 30]; *see* 20 C.F.R. § 404.1529(c)(4). The ALJ's finding is supported by substantial evidence in the record.

In particular, the ALJ found that Phillips's statement that his back surgery made his problems "three times worse" was not supported by the medical evidence, which showed no recurrence, progression, or instability, a negative straight leg raise, and no weakness. [TR 24, 30, 444, 544]. The ALJ further noted that while Phillips's February 2016 MRI showed persistent stenosis, it showed no herniation, [TR 30, 897], and an August 2016 x-ray was normal. [TR 31, 926]. Moreover, Phillips appeared to self-limit during an FCE evaluation, which resulted in inability to determine his maximum work ability. [TR 30, 850]. Phillip was observed grimacing, exaggerating his movement patters, and engaging in pain talk. [TR 850]. Finally, as the Commissioner notes, no treating, examining, or non-examining source has indicated that Phillips was

18

more limited than the ALJ found after May 6, 2016. [Id.]. Nor has Phillips pointed to any such source or evidence.

As for his psychological complaints, the ALJ found that "[t]here is nothing in the record to suggest [Phillips] lacks the ability to conform his behavior to societal standards." [TR 27]. Indeed, the ALJ stated that Phillips's mental impairments have not changed since May 6, 2016. [TR 31, 910-16]. The ALJ relied on Dr. Rigby's finding that that Phillips did not put forth good effort during Dr. Rigby's evaluation, thus making his scores inconclusive, and his results "not reflective of [Phillips's] true mental capacity." [Id.]

The ALJ's evaluation of Phillips's testimony is entitled to deference by this Court. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007). As stated previously, "[t]he Court may not re-weigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion." *Putman v. Astrue*, 2009 WL 838155 at *5 (E.D. Tenn. Mar. 30, 2009). So long as the ALJ cited substantial evidence to support his conclusions, this Court may not re-evaluate his determinations. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).

When considering all medical evidence and Phillips's personal testimony regarding his activities, the ALJ properly evaluated his subjective complaints of pain. Because the ALJ's evaluation is

19

supported by substantial evidence, it is entitled to deference. Thus, remand is unwarranted.

## V. CONCLUSION

The Court, having found no legal error on the part of the ALJ and that his decision is supported by substantial evidence, the Acting Commissioner's final decision is **AFFIRMED**.

Accordingly, it is hereby **ORDERED** as follows:

(1) Plaintiff's Motion for Summary Judgment [DE 7] is **DENIED**;

(2) Defendant's Motion for Summary Judgment [DE 9] is **GRANTED**; and

(3) Judgment in favor of the Defendant will be entered contemporaneously herewith.

This the 25th day of September, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge